### Richmond

MAURICE LAMONT HARRIS

v.

COMMONWEALTH OF VIRGINIA

No. 0741-85

Decided December 16, 1986

COUNSEL

Jerry Hendrick, Jr. (Gordon, Hendrick & Gordon, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.** — Maurice Lamont Harris alleges that there was insufficient evidence to support his conviction for robbery. We conclude that the evidence was sufficient and affirm the conviction.

Robert D. Wiggins, a juvenile, and his friend, Randolph Green, were confronted on the street by three persons, one of whom Wiggins identified as Harris. Harris ordered Green to turn around. After Green complied, Harris turned Wiggins around while one of Harris' companions searched Wiggins' jacket. Harris then told Wiggins that he wanted the am/fm cassette radio that Wiggins was carrying by a shoulder strap. When Wiggins refused, Harris reached to remove the strap from Wiggins' shoulder. As Wiggins sought to hold the radio, Harris noticed that Wiggins was wearing a watch and so informed his two companions. Harris then demanded that Wiggins give him either the watch or the radio. Wiggins responded, "take the radio," took the strap off his shoulder, and gave the radio to Harris. As Wiggins turned to leave, Harris asked: "Where are you going?" Harris then told Wiggins that he wanted the watch as well. After Wiggins gave him the watch, Harris told him that if he turned around or ran he would shoot him in the back.

Harris was convicted by the trial judge of robbery and sentenced to twenty years in prison, with ten years suspended. He

contends that the conviction must be reversed because no force, intimidation, or weapon was used to effect the taking of Wiggins' property.

■ Robbery, a common law offense in Virginia, is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence *or intimidation.*" *Johnson v. Commonwealth*, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968) (emphasis added). The act of violence or intimidation must precede or be concomitant with the taking. *Mason v. Commonwealth*, 200 Va. 253, 256, 105 S.E.2d 149, 151 (1958).

■ We need not decide whether the threat to shoot Wiggins in the back was concomitant with the taking or was "resorted to merely for the purpose of retaining a possession already acquired, or to effect escape," *id.; see also Pritchard v. Commonwealth*, 225 Va. 559, 562, 303 S.E.2d 911, 913 (1983), because we conclude that the evidence was sufficient to prove beyond a reasonable doubt that Harris otherwise used intimidation to effect the taking. Threats of violence or bodily harm are not an indispensable ingredient of intimidation. It is only necessary that the victim actually be put in fear of bodily harm by the willful conduct or words of the accused. *Falden v. Commonwealth*, 167 Va. 549, 554, 189 S.E. 329, 331 (1937); *cf. Sutton v. Commonwealth*, 228 Va. 654, 663-64, 324 S.E.2d 665, 669-70 (1985). The fear of bodily harm, however, must result from the words or conduct of the accused rather than the temperamental timidity of the victim.

The evidence showed that Harris, aided by his two companions, (1) confronted Wiggins on the street, (2) ordered Wiggins' friend to turn around, (3) turned Wiggins around, (4) searched Wiggins' jacket, (5) demanded Wiggins' radio, (6) made Wiggins elect whether to surrender his radio or his watch, (7) took the radio after Wiggins complied with the demand to elect which of his property to surrender, and (8) halted Wiggins, as Wiggins began to depart, in order to take the watch. Wiggins initially held onto his radio as Harris reached to remove it from his shoulder but then gave it to Harris without a struggle when told that he had to elect between surrendering his radio or his watch.

■ From these circumstances, words, and conduct the trier of fact was entitled to infer that Wiggins actually surrendered his

property to Harris because of fear of bodily harm induced by Harris' intimidating words and conduct. There is no requirement in Virginia that the "fear" induced by the defendant's intimidating words or conduct be judged by an objective standard of reasonableness. *See Sutton*, 228 Va. at 664, 324 S.E.2d at 670.

Accordingly, the judgment of conviction is affirmed.

*Affirmed.*

Barrow, J., and Cole, J., concurred.