COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Charlottesville, Virginia


LEROY MCKINLEY SPENCER, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 2074-95-3    CHIEF JUDGE NORMAN K. MOON
                                       NOVEMBER 26, 1996
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
James M. Lumpkin, Judge Designate

Wade A. Bowie (Richard P. Cunningham &
Associates, P.C., on brief), for appellant.

Kimberley A. Whittle, Assistant Attorney
General (James S. Gilmore, III, Attorney
General; Brian Wainger, Assistant Attorney
General, on brief), for appellee.


Leroy McKinley Spencer, Jr., appeals his convictions of
robbery and use of a firearm in the commission of a robbery in
violation of Code §§ 18.2-58 and 18.2-53.1.  He argues that the
evidence was insufficient to prove that a taking occurred and
that the evidence was insufficient to prove he had the intent to
permanently deprive the victim of his personal property.  We
disagree and affirm the convictions.

On April 17, 1994, James Goode was standing on a street
corner talking with his girlfriend and his cousin when Goode
noticed the appellant and two other men walking on the street.
One of the men accompanying appellant approached Goode and asked
if he had anything to sell for fifteen dollars.  Goode replied

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that he did not have anything to sell and the person returned to his companions.  Goode believed that appellant and his companions were attempting to purchase drugs from him.  Appellant then approached Goode and asked the same question, Goode again responded that he had nothing to sell, at which point appellant drew a gun and pointed it at Goode.  Goode testified that appellant

> said, empty your pockets, [expletive].  And I
> [Goode] said, what?  And he said it again.
> And he put the gun to my head -- no, he put
> the gun to my head after he raised it back
> the second time.  Then he put it to my head
> and said, empty your pockets, [expletive].
> So I tried to talk to him and I seen it won't
> going to do any good, so I took the money out
> of my pocket and dropped it on the ground.
> But it was like he didn't see the money he
> just said it again, empty your pockets
> [expletive].

While held at gunpoint Goode dropped approximately one hundred and ten dollars on the ground.  After dropping the money and being ordered again to empty his pockets, Goode, fearing he would be shot, struck appellant in the face and turned to run, leaving the money.  As he turned, he tripped and fell.  He then got up and ran approximately twenty-five to thirty feet before he was shot once in the leg.  He then turned and saw appellant with a gun, searching for him, but appellant did not find him.  Appellant and his companions then left.

Goode identified appellant in a photographic line-up and at trial as the person who had shot him.  For his alibi, appellant's girlfriend testified that he was with her at the time of the

shooting.  The trial court found appellant guilty of robbery, use of a firearm while in the commission of robbery, malicious wounding, and use of a firearm while in the commission of malicious wounding.[1]

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  To prove robbery, the Commonwealth must show that appellant engaged in a "taking, with intent to steal, of the personal property of another, from his person or his presence, against his will, by violence or intimidation."  Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 356 (1986) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968)).

Appellant argues that the Commonwealth has failed to prove robbery because the evidence admitted is insufficient to prove 1) intent to permanently deprive Goode of his property; or 2) that appellant committed a taking.  It is the duty of the trier of fact to determine whether appellant acted with criminal intent.  See Griggs v. Commonwealth, 220 Va. 46, 51, 255 S.E.2d 475, 478 (1979).  In making such a determination the court may, and often must, rely on circumstantial evidence.  Id.  Here, appellant held a gun to Goode's head and repeatedly demanded,

---

[1]A writ of error was denied to appellant's appeal of his convictions of malicious wounding and use of a firearm while in the commission of malicious wounding.

- 3 -

"empty your pockets [expletive]."  Whether appellant sought drugs, money, or anything else appellant may have believed Goode had in his pockets, these actions are sufficient for the court to infer that appellant's intent was to take Goode's property.  Appellant's failure to immediately seize the money dropped by Goode does not preclude a finding of criminal intent.  Brown v. Commonwealth, __ Va. App. ___, ___ S.E.2d ___ (1996).

"The degree of asportation necessary to constitute a taking under the common law definition of robbery need be only slight."  Turner v. Commonwealth, 221 Va. 513, 528, 273 S.E.2d 36, 45 (1980), cert. denied, 451 U.S. 1011 (1981) (quoting Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 606 (1973)).  A taking occurs even where the perpetrator does not physically seize the property but merely orders another person to exercise control over the property on behalf of the perpetrator.  Id.  In Turner, the defendant argued the evidence was insufficient to prove a robbery where the defendant had ordered a jewelry store clerk, at gunpoint, to place jewelry in jewelry bags owned by the store, but where the defendant never took physical possession of the bags.  Id.  The Supreme Court rejected the defendant's argument, holding that "[a] perpetrator exercises dominion and control over an object where he commands another to seize the object and the person complies."  Id.  Like the defendant in Turner, here, appellant ordered Goode at gunpoint to empty his pockets.  That the appellant did not specify money or drugs when

demanding Goode empty his pockets does nothing to alter the fact that appellant exercised dominion and control over the money when at appellant's command Goode retrieved the money and dropped it. When Goode took the money from his pocket and dropped it, he no longer exercised control over the money and merely acted on appellant's behalf. Accordingly, appellant constructively possessed the money as soon as Goode complied with appellant's order.

Therefore, we hold that the evidence was sufficient to sustain the trial court's finding that a taking occurred and that appellant had the intent to deprive Goode of his property. We affirm the convictions for robbery and use of a firearm in the commission of a robbery.

Affirmed.
