COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia


MARKEITH ALAN TURNER
                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2090-97-1        JUDGE LARRY G. ELDER
                                        SEPTEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

          John D. Konstantinou (McKenna & Konstantinou,
          on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Markeith Alan Turner (appellant) was convicted of robbing

James Lisciandri and Stephen Muller.  On appeal, he contends the

evidence was insufficient to sustain his convictions.  For the

reasons that follow, we affirm.

     When considering the sufficiency of the evidence on appeal

in a criminal case, this Court views the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  See Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).
          The weight which should be given to evidence
          and whether the testimony of a witness is
          credible are questions which the fact finder
          must decide.  However, whether a criminal
          conviction is supported by evidence
          sufficient to prove guilt beyond a reasonable

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> doubt is not a question of fact but one of law.

Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).

We hold that the evidence, when viewed in the light most favorable to the Commonwealth, was sufficient to prove that appellant was guilty of the robbery of Lisciandri. "Robbery . . . is defined as the 'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Jones v. Commonwealth, 26 Va. App. 736, 738, 496 S.E.2d 668, 669 (1998) (quoting Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 356 (1986)). The evidence proved beyond a reasonable doubt that appellant took Lisciandri's wallet from his person with intent to steal and against Lisciandri's will. On July 9, 1996, a group of male teenagers, which included appellant, approached Lisciandri and Muller as they were walking through a field adjacent to a church on their way home. The group split into two, and about four members surrounded each victim. One person asked Lisciandri if he had "any loot." Lisciandri responded by displaying his whole wallet. Lisciandri later testified that he displayed his wallet because he was "afraid not to." The person who asked for "any loot" then "grabbed" the wallet from Lisciandri's hand.

The evidence proved that appellant was the member of the group who spoke to Lisciandri and grabbed the wallet from his

hand.  In his statement to the police after his arrest, appellant stated that he asked one of the victims "for a dollar" and that the victim responded by giving appellant his "his whole wallet." The testimony of Lisciandri and Muller indicates that Lisciandri was the only one of the two victims to relinquish his wallet to the group at this stage of the confrontation.  Lisciandri testified that, following the initial request for money, he showed his wallet to the group and "the guy that asked [him] for it" grabbed the wallet from him.  Muller testified that he responded to the initial request for money by giving a member of the group a twenty-dollar bill and that he did not lose possession of his wallet until he was knocked to the ground later in the confrontation.

The evidence also proved that appellant accomplished the theft of the wallet from Lisciandri's person by "intimidation." In order to constitute robbery, the act of intimidation must precede or be concomitant with the taking.  See Harris, 3 Va. App. at 521, 351 S.E.2d at 356.  "'Intimidation results when words or conduct of the accused exercise such dominion and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm.'"  Jones, 26 Va. App. at 740, 496 S.E.2d at 670 (quoting Bivins v. Commonwealth, 19 Va. App. 750, 753, 454 S.E.2d 741, 742 (1995)).  The evidence proved that appellant and several other male teenagers ran up to the two victims from a store across the

street in a maneuver that appellant described as an "ambush." Appellant then acted with the other members of the group to isolate Lisciandri from his companion by surrounding him. Appellant then asked Lisciandri if he had any "loot." Lisciandri testified that he displayed his wallet because he was "scared." From these circumstances, the trial court could infer beyond a reasonable doubt that Lisciandri actually surrendered his property to appellant because of his fear of bodily harm induced by appellant's intimidating words and conduct. Cf. Harris, 3 Va. App. at 521, 351 S.E.2d at 357.

We also hold that the evidence proved beyond a reasonable doubt that appellant was criminally responsible for the robbery of Muller.

> If there is concert of action with the resulting crime one of its incidental probable consequences, then whether such crime was originally contemplated or not, all who participate in any way in bringing it about are equally answerable and bound by the acts of every other person connected with the consummation of such resulting crime.

Rollston v. Commonwealth, 11 Va. App. 535, 541-42, 399 S.E.2d 823, 827 (1991) (citation omitted). Concert of action is defined as "'[a]ction that has been planned, arranged, adjusted, agreed on and settled between parties acting together pursuant to some design or scheme.'" Id. at 542, 399 S.E.2d at 827 (citation omitted).

The evidence proved that ninety dollars was taken from

Muller's presence against his will by an act of violence. Muller lost possession of his wallet, which contained ninety dollars,[1] as he was knocked to the ground by members of the group. After he was beaten, he found his wallet and discovered that the ninety dollars was missing.

The evidence also supports the conclusion that appellant acted in concert with the members of the group who robbed Muller. Appellant told Detective Williams that all members of the group, himself included, ran toward the victims in an "ambush." Marti Jones, a member of the group, testified that when the group of teenagers saw Lisciandri and Muller, someone said "let's go get them." The group split into two and confronted both Lisciandri and Muller separately. The record proved that the beatings of the two victims commenced within seconds of each other. Lisciandri testified that the group "seemed like they were together." Muller testified that, after he was beaten, all of the members of the group who had confronted both him and Lisciandri left the scene of the robberies "together." From this evidence, the trial court could conclude beyond a reasonable doubt that appellant both joined and participated in the group's

_____

[1]Muller testified that, when he was initially confronted by the group, his wallet contained $110 dollars. When a member of the group asked him for money, he responded by removing a twenty-dollar bill from his wallet and giving it to one of the teenagers. He only gave them twenty dollars "because [he] didn't want to give them more." Thus, it is reasonable to infer that, at the time the group knocked Muller to the ground, his wallet contained ninety dollars.

plot to accost the victims en masse and that Muller's robbery was an incidental probable consequence of the group's plan.  Cf. Spradlin v. Commonwealth, 195 Va. 523, 528-29, 79 S.E.2d 443, 446 (1954).

For the foregoing reasons, we affirm the convictions.

Affirmed.