COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


PATRICK CULLEN ADSIT

MEMORANDUM OPINION[*] BY
v.          Record No. 0882-98-2          JUDGE DONALD W. LEMONS
                                                          FEBRUARY 9, 1999

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Joseph F. Spinella, Judge Designate

N. Russell Scohy (Russell and Associates,
P.C., on brief), for appellant.

Kathleen B. Martin, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Patrick Cullen Adsit was convicted of animate object sexual

penetration, in violation of Code § 18.2-67.2, and sentenced to

fifteen years in prison with seven years suspended.  On appeal he

contends that the evidence fails to support his conviction.  We

agree and reverse the judgment of the trial court.

On the evening of January 15, 1996, the victim, a

fourteen-year-old girl, was spending the night at the home of her

friend.  Patrick Cullen Adsit, appellant, aged twenty-five at

that time, was living in that home.  Adsit's "bed" was a couch in

the living room where a television was located.  At 2:00 a.m. the

victim and her friend joined Adsit on his "bed" and watched

horror movies on television.  Adsit lay on the couch while the

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

victim sat in front of him.  The victim's friend sat at the other end of the couch.

Adsit began rubbing the victim's left leg and then her breasts without resistance or complaint from the victim.  He then placed his hand inside her underpants and inserted his fingers into her vagina.  During this encounter, which lasted between ten and fifteen minutes, the friend exited the room, went to the bathroom, and returned to the couch.  There was another adult in the house at the time.

The greater portion of the evidence at trial was testimony from the victim.  The following statements by the victim are the only evidence in the record concerning intimidation and force:

"Then he put his hand in my panties and started to rub my vagina".

"Then he stuck his fingers in my vagina."

"I started to move away from him."

"The way he had his hand underneath my leg, I couldn't shut my legs."

On cross-examination the following exchange took place:

Q:   Did he ever use any force or threat or weapon against you to force you to stay there?

A.   No, except that I couldn't move my legs.

After ten to fifteen minutes had elapsed, the incident ended when Adsit said, "What are we doing?" and she replied, "I have no idea what you're doing," and she got up off the couch without any difficulty and without restraint.  She went into the bathroom and

then returned to the couch where Adsit was still present and her friend was sleeping.  The next day she told her friend and the friend told the friend's mother.  The incident was reported to the police.

Code § 18.2-67.2 provides in part:

> Object sexual penetration; penalty. --
> A.  An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness who is not his or her spouse with any object, other than for a bona fide medical purpose, or causes such complaining witness to so penetrate his or her own body with an object or causes a complaining witness, whether or not his or her spouse, to engage in such acts with any other person or to penetrate, or to be penetrated by, an animal, and
>
> 1.  The complaining witness is less than thirteen years of age, or
>
> 2.  The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness.

There being no evidence of threat, the only issue presented in this case is whether the act was accomplished against the will of the victim by force or intimidation.

In Bivins v. Commonwealth, 19 Va. App. 750, 752-53, 454 S.E.2d 741, 742 (1995), we gave a definition to "intimidation," noting that

> [i]ntimidation results when the words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the

> victim's will, placing the victim in fear of bodily harm.  Intimidation differs from threat in that it occurs without an express threat by the accused to do bodily harm.

(Citations omitted).

Previously, in Harris v. Commonwealth, 3 Va. App. 519, 351 S.E.2d 356 (1986), we noted that the "fear of bodily harm, however, must result from the words or conduct of the accused rather than the temperamental timidity of the victim."  Id. at 521, 351 S.E.2d at 357.  See also Sutton v. Commonwealth, 228 Va. 654, 663-64, 324 S.E.2d 665, 669-70 (1985).

There is no evidence in this record to support the conclusion that Adsit by words or conduct exercised "such domination and control" over the victim as to overcome her will or place her in fear of bodily harm.  When the victim decided to get up from the couch nothing prevented her from doing so.  After a brief visit to the bathroom, the victim returned to the couch.

Having determined that intimidation was not present in this incident, the remaining question is whether the act was accomplished by the use of force.  Previously, in a case interpreting the word "force" as it is used in Code § 18.2-67.3 (aggravated sexual battery), we stated in Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988),

> [t]he issue is whether, on the facts of this case a mere nonconsensual touching of the intimate parts of the complaining witness comes within the statutorily defined criminal act or whether some additional force is required. . . . [W]e conclude from the language of the statutes that the legislature intended some force other than merely that

- 4 -

> force required to accomplish the unlawful
> touching to be included within the
> statutorily defined criminal acts of either
> sexual battery or aggravated sexual battery.

We adopt the same definition of "force" for the purposes of Code § 18.2-67.2.

Considering the victim's testimony that "the way he had his hand underneath my leg, I couldn't shut my legs" and her acknowledgment that except for her inability to shut her legs, no "force or threat or weapon" was used to "force [her] to stay there," we must speculate whether the force utilized was greater than that required to accomplish the act. Because Adsit's fingers are necessarily connected to his hand, if the victim's inability to close her legs was the result of the presence of his hand and nothing more, the additional force necessary to convict Adsit of the felony of object sexual penetration is not present. If "the way he had his hand underneath [her] leg" involved more force than necessary to accomplish the act, the evidence would support the conviction. The dissent suggests that force was applied "by using his hand to spread the victim's legs." If the record supported such an observation, we would affirm the conviction. Simply stated, the burden of proof is upon the Commonwealth, and a failure of proof cannot be cured by appellate speculation.

We are mindful that twenty-five-year-old Adsit's conduct with a fourteen-year-old-girl was reprehensible. We are also mindful that he was convicted of misdemeanor battery as a result

of this incident.  However, the issue before us is whether, <u>on this record</u>, Adsit is also guilty of the felony of object sexual penetration.  Given the record of this case and the law of the Commonwealth, we must conclude that he is not, and we reverse his conviction.

<u>Reversed and dismissed.</u>

Willis, J., dissenting.

By using his hand to spread the victim's legs, Adsit accomplished the insertion of his finger into her vagina. However, the force applied by Adsit to spread the victim's legs went beyond the force specifically required to accomplish the insertion itself.  In my view, the evidence of that circumstance supports a finding that the insertion was accomplished by force.  I would affirm the judgment of the trial court.