COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


JOHN BROOKS
                                      MEMORANDUM OPINION* BY
v.    Record No. 2852-99-1        JUDGE JEAN HARRISON CLEMENTS
                                          OCTOBER 24, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      John K. Moore, Judge

            Ben Pavek, Assistant Public Defender, for
            appellant.

            Thomas M. McKenna, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     John Brooks was convicted in a jury trial of robbery.  On

appeal, he contends (1) the trial court erred in permitting the

Commonwealth to refresh the memory of the victim and (2) the

evidence was not sufficient to sustain the conviction.  We

disagree and affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts necessary to a

disposition of this appeal.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

A.   REFRESHED RECOLLECTION

Appellant contends that the trial court erred in allowing the Commonwealth to refresh the recollection of Stephanie Ferebee, the victim herein, following her unequivocal testimony that Brooks entered the store only twice because she had given no indication that her memory needed to be refreshed.  It was, of course, important to the Commonwealth's case that Ms. Ferebee testify that Brooks entered the store a third time as that is when the robbery occurred.

In addressing the issue of "present recollection refreshed," this Court has held that

> when a witness has a memory lapse on the stand and "forgets some portion (or even all) of the facts of the matter about which [he or she is] called to testify," a party may attempt to "refresh" the witness's memory by having the witness examine materials relating to the matter for which they are testifying.

McGann v. Commonwealth, 15 Va. App. 448, 451-52, 424 S.E.2d 706, 709 (1992) (alteration in original) (quoting Charles E. Friend, The Law of Evidence in Virginia § 18 (3d ed. 1988)).  The issue here then is whether the victim had a memory lapse on the stand.

Admittedly, if Ms. Ferebee's original responses to the prosecutor's questions regarding what took place following Brooks's second departure from the store are viewed in isolation, it is difficult to imagine a memory lapse on her

- 2 -

part.  More than once she stated with no apparent equivocation that Brooks did not enter the store a third time.

A review of the victim's testimony as a whole, however, convinces us that Ms. Ferebee did indeed suffer a memory lapse while testifying.  Much of her testimony prior to having her memory refreshed was confused.  She initially testified that Brooks, after entering the store a second time, left the store and came back in again.  Shortly thereafter, though, she testified that Brooks came into the store only twice.  She also testified that she left the store immediately after Brooks left the second time.  However, when she returned to the store, her register was inexplicably on the floor and broken open, despite having been intact and on the counter when she left.

The prosecutor then asked Ms. Ferebee, without objection, about the state of her memory:

> Q.  Ma'am, let me ask you this.  How clearly are you able to recall today the events of –
>
> A.  It was awhile – awhile ago, so I can remember as much as I can.  You know, it was awhile ago.  So –
>
> Q.  Okay.  Can you tell the court whether or not there's parts today you're not – may not be able to remember that happened day?
>
> A.  Probably, because I'm going through some stuff right now; and I only had like two hours of sleep.  So –

We find, therefore, that the victim's confused testimony and her admission on the stand that she was probably forgetting something that happened that night sufficiently demonstrated that Ms. Ferebee forgot when testifying some portion of the facts of the matter about which she was called to testify. Hence, the trial court did not err in allowing the Commonwealth to refresh her recollection.

## B. SUFFICIENCY OF THE EVIDENCE

Appellant also contends that the jury verdict cannot be sustained because there was insufficient evidence to convict him of robbery. Specifically, he maintains that the evidence presented to the jury was not sufficient to prove beyond a reasonable doubt that the taking of the victim's property by appellant was achieved through the use of violence or intimidation.

The elements of common law robbery include the taking of a victim's property "'against his will, by violence or intimidation.'" Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 356 (1986) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968) (emphasis added)). Thus, a robbery can occur when a defendant employs either violence or intimidation against the victim, or both. See Chappell v. Commonwealth, 28 Va. App. 272, 275, 504 S.E.2d 378, 379 (1998).

"Violence or force requires a physical touching or violation of the victim's person."  Bivins v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742 (1995).  "Intimidation results when the words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm."  Id. at 753, 454 S.E.2d at 742. "Threats of violence or bodily harm are not an indispensable ingredient of intimidation.  It is only necessary that the victim actually be put in fear of bodily harm by the willful conduct or words of the accused."  Harris, 3 Va. App. at 521, 351 S.E.2d at 357.

When the sufficiency of the evidence is challenged on appeal, we view the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987).  In addition, the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the factfinder's determination."  Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993). Furthermore, a conviction will not be reversed unless "it appears from the evidence that it is plainly wrong or without

evidence to support it."  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

Here, Ms. Ferebee testified that Brooks, upon re-entering the store a third time after previously grabbing money from her open register drawer, walked around behind the counter, started banging on the keys of the victim's register, and told her to "open the fucking register."  The victim then stepped away from her register out of "instinct"[1] and ran out of the store.

The assistant manager, who had called the police after Brooks's second exit from the store, testified that she was "in shock" when Brooks came back in, went around the counter, and started hitting the buttons on the register.  She stopped talking to the police at that point, put the phone down, and ran to a nearby store because she had been robbed before and did not "know what was going to happen."

Another clerk testified that Brooks, upon returning to the store the third time, went behind the counter, commanded Ms. Ferebee to "open the fucking register," "pushed [Ms. Ferebee]

---

[1] "Instinct" is defined in Webster's Third New International Dictionary 1171 (1993), as "a natural or inherent aptitude, tendency, impulse, or capacity."  Clearly, the jury could have reasonably found, given the circumstances described by the victim, that the victim's use of the word "instinct" to explain why she stepped back from her register encompassed a feeling of fear on her part and an inherent impulse to avoid bodily harm. She did not elaborate in her testimony.

- 6 -

out of the way" when she refused to move, and "started punching buttons on [Ms. Ferebee's] register to try to get it open."

The jury, having had the opportunity to observe the witnesses and weigh the evidence, was certainly entitled to infer from such evidence that Brooks's words and actions were intimidating and placed the victim in fear of bodily harm and induced her to unwillingly relinquish the property taken by Brooks.  Moreover, if satisfied beyond a reasonable doubt that Brooks pushed Ms. Ferebee, the jury could have properly found that the taking of property was by an act of violence perpetrated against the victim.

We therefore conclude (1) that the evidence in the record is sufficient as a matter of law to prove beyond a reasonable doubt that the victim's property was taken by Brooks through the use of intimidation or violence, or both, and (2) that appellant's conviction of robbery is not plainly wrong. Consequently, we will not disturb that conviction.

Accordingly, appellant's robbery conviction is affirmed.

<u>Affirmed.</u>