COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


JOSE R. ORTEGA

                                         MEMORANDUM OPINION[*] BY
v.    Record No. 3394-01-1              JUDGE ROBERT P. FRANK
                                              MARCH 11, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                       Patricia L. West, Judge

            Curtis T. Brown for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


      Jose R. Ortega (appellant) was convicted in a jury trial of

abduction, in violation of Code § 18.2-47.[1] On appeal, appellant

contends the evidence was not sufficient to prove that the

asportation of the victim was more than was necessary to

accomplish the accompanying robbery. For the reasons stated, we

affirm the conviction.

---

      [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

      [1] Appellant was convicted of additional felonies, including
robbery, which are not relevant here.

BACKGROUND

On January 19, 2001, Lin Hong and Zhen Chen were working in the Fung Lin Restaurant when three men wearing masks entered the establishment. Appellant was the masked man who carried the gun.

Lin Hong was in the kitchen, but she came out to the register when she heard the doorbell. Zhen Chen was cleaning the counter, about twelve to fifteen feet from the register.

The men walked up to the cash register area. The two men who were not carrying guns went to the back of the restaurant and then returned immediately. One of the three men ordered Lin Hong to open the cash register, which she did. The men then told Lin Hong to get on the floor. She complied. The man with the gun waved the weapon and indicated Zhen Chen should move over to the cash register. Zhen Chen went over to the cash register area and lay down beside Lin Hong.

Lin Hong and Zhen Chen were on the floor for about ten minutes. The robbers took money from the cash drawer and from underneath the cash register. They also demanded the key to a locked cabinet under the register. When Lin Hong said she did not have the key, one of the men kicked the cabinet open. The men took between $400 and $500 from the restaurant. Zhen Chen did not get off the floor until he heard the doorbell jingle and assumed the three men had left.

-

ANALYSIS

Appellant contends he did not abduct Zhen Chen because Zhen's detention was merely incidental to the restraint necessary to commit the robbery. While appellant's general legal proposition is correct, the facts of this case involved more than incidental restraint.

> A defendant may be convicted of abduction in addition to robbery if the victim's detention "'is separate and apart from, and not merely incidental to, the restraint employed in the commission of [robbery].'" Hoke v. Commonwealth, 237 Va. 303, 311, 377 S.E.2d 595, 600 (quoting Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 714 (1985)), cert. denied, 491 U.S. 910 (1989). Thus, to constitute an abduction separate and apart from a robbery, the victim's detention must be greater than the restraint that is intrinsic in a robbery. Id. at 311, 377 S.E.2d at 600.

Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994).

Our decision in Phoung v. Commonwealth, 15 Va. App. 457, 424 S.E.2d 712 (1992), is instructive. In Phoung, the defendant bound the victim in her kitchen, dragged her upstairs to a bedroom, placed her on the bed, and tied her more securely. Once in the bedroom, defendant took jewelry and other property. We held, "Simply stated, the asportation of a victim from one room to another and the binding of another victim's hands and feet together are not acts inherent in the crime of robbery."

-

Id. at 462, 424 S.E.2d at 715.  Similarly, in Coram v.

Commonwealth, 3 Va. App. 623, 352 S.E.2d 532 (1987), we stated:

> When Coram grabbed the victim, he transported her from a location that was lighted and visible from the street to one out of sight of potential passersby, or others who might leave or enter the victim's apartment.  Coram's asportation of the victim, as shown by the evidence, substantially increased the risk of harm to the victim by decreasing the possibility of detecting his criminal activity.  Moreover, asportation to decrease the possibility of detection is not an act inherent in or necessary to the restraint required in the commission of attempted rape.  His behavior substantially invaded the interests that [Code] § 18.2-47 was designed to protect.

Id. at 626, 352 S.E.2d at 533-34.

"The elements of robbery, a common law offense in Virginia, include a '"taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation"' which precedes or is 'concomitant with the taking.'  Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 356 (1986) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968))."  Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 194 (1992).  Here, appellant's detention of Zhen Chen was greater than the amount necessary to commit the robbery.  Zhen Chen was not the subject of the robbery nor was his movement necessary to accomplish the robbery.  Even so, he was directed to move approximately fifteen feet toward the

-

location where Lin Hong was ordered to lie down.  This asportation was unnecessary to accomplish the robbery.  Zhen could have remained where he was, and the robbery still could have been accomplished.

The fact finder reasonably could have concluded that Zhen's asportation and detention were "separate and apart from, and not merely incidental to, the restraint employed in the commission of [robbery]."  Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 714 (1985).  Accordingly, we hold that the evidence supports the jury's finding that appellant abducted Zhen.

Affirmed.