COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


WILLIAM EARL JONES

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1730-03-1              JUDGE LARRY G. ELDER
                                               JUNE 29, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

William E. Buyrn (Buyrn & Crook, on brief), for appellant.

Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


William Earl Jones (appellant) appeals from his jury trial convictions for attempted

robbery and use of a firearm in the commission of an attempted robbery.  On appeal, he contends

the evidence was insufficient to support his convictions because the testimony of the victims was

inherently incredible and failed to prove he displayed a firearm.  We hold the evidence was

sufficient and affirm the convictions.

I.

On appellate review, we must examine the evidence in the light most favorable to the

Commonwealth, and we may not disturb the jury's verdict unless it is plainly wrong or without

evidence to support it.  Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721

(1988).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only if this Court finds that the testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). In all other cases, we must defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). Absent a finding of inherent incredibility, "[d]etermining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [trier of fact], which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

Any element of a crime may be proved by circumstantial evidence, see, e.g., Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), provided the evidence as a whole "is sufficiently convincing to exclude every reasonable hypothesis except that of guilt," Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

A.

ATTEMPTED ROBBERY

Robbery "is defined as the 'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Jones v. Commonwealth, 26 Va. App. 736, 738, 496 S.E.2d 668, 669 (1998) (quoting Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 356 (1986)). "'An attempt to commit a crime is composed of two elements: (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission.'" Haywood v. Commonwealth, 20 Va. App. 562, 565, 458 S.E.2d

606, 607-08 (1995) (quoting Merritt v. Commonwealth, 164 Va. 653, 657, 180 S.E. 395, 397 (1935)).

"The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987). "Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be proved by a person's conduct or by his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969); see also Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles, 218 Va. at 551, 238 S.E.2d at 810.

Here, both victims, Jermaine Silver and Quinshala Lane, gave consistent testimony about appellant's statements and actions. Their testimony was not inherently incredible and, if believed by the jury, was sufficient to support appellant's conviction for attempted robbery. Both Silver and Lane testified that appellant and his companion left appellant's porch and followed them down Amick and Cayce Streets. While doing so, appellant said repeatedly, "I want everything you got. I'm going to take all your stuff." Appellant was behaving "wild[ly,]" "his expression was scaring [Lane]," and it did not "seem [to her] like [appellant] was joking around." Silver and Lane both testified that appellant's behavior frightened them and led them to believe he intended to rob them. Both also testified that when they began to run and neared the gate of a woman from whom they had previously purchased candy, appellant lifted his shirt. Although Lane continued running through the gate and did not see what happened next, Silver saw appellant display a gun in his waistband. The fact that Lane did not see a gun did not render Silver's testimony about the gun inherently incredible. Both victims saw appellant lift his shirt,

- 3 -

and both explained that Lane ran through the gate ahead of Silver, thereby limiting her ability to see what appellant had beneath his shirt.

The fact that no gun was ever found and that appellant offered testimony from his aunt claiming Lane later admitted appellant did not, in fact, have a gun does not require a different result. The trier of fact was free to believe the direct evidence in the form of Silver's testimony that appellant displayed a silver firearm he was carrying in his waistband.

Thus, the evidence supports the jury's implicit finding that appellant intended to "tak[e], with intent to steal, . . . the personal property of another, from his person or in his presence, against his will, by violence or intimidation," Harris, 3 Va. App. at 521, 351 S.E.2d at 356, and that he engaged in "'a direct, ineffectual act . . . towards its commission,'" Haywood, 20 Va. App. at 565, 458 S.E.2d at 607-08 (quoting Merritt, 164 Va. at 657, 180 S.E. at 397).

B.

USE OF A FIREARM IN THE COMMISSION OF A FELONY

In a prosecution under Code § 18.2-53.1, the Commonwealth is required to prove four elements:

> (1) that the accused "possessed" an object; (2) that this object was a "pistol, shotgun, rifle, or other firearm"; (3) that the accused "used or attempted to use the firearm or displayed the firearm in a threatening manner"; and (4) that this action involving the firearm occurred during the commission or attempt to commit one of the felonies enumerated in the statute [including robbery].

Thomas v. Commonwealth, 25 Va. App. 681, 684-85, 492 S.E.2d 460, 462 (1997). Whether an accused used a firearm during the commission of a felony may be proved by direct evidence, circumstantial evidence, or both. McBride v. Commonwealth, 24 Va. App. 603, 607, 484 S.E.2d 165, 167 (1997) (*en banc*); Byers v. Commonwealth, 23 Va. App. 146, 150-51, 474 S.E.2d 852, 854 (1996). When determining whether the accused possessed a firearm, "the fact finder may consider the victim's visual and nonvisual observations of the object, the victim's knowledge of

- 4 -

firearms, the accused's representations about the object during the commission of the felony, expert testimony, and the appearance of the object itself [if] it is admitted into evidence." Thomas, 25 Va. App. at 686-87, 492 S.E.2d at 463 (footnotes omitted). The evidence must "prove beyond a reasonable doubt that [the accused possessed] a 'firearm' as that term is used in Code § 18.2-53.1, and when the evidence regarding [possession] is purely circumstantial, it must exclude all reasonable hypotheses of innocence." Id.

Here, appellant challenges only the sufficiency of the evidence to prove that appellant possessed and displayed a firearm. The evidence on this point was both direct and circumstantial and, viewed in the light most favorable to the Commonwealth, was sufficient to establish the requisite possession and use. The direct evidence of that possession and use came from Silver, who testified that appellant lifted his shirt and displayed a firearm tucked in the waistband of his pants. In cross-examining Silver, appellant made no attempt to challenge Silver's ability to see the firearm appellant had at his waist or to recognize a firearm when he saw one. Further, contrary to appellant's claim on brief, Lane did not testify that appellant had no firearm. Rather, Lane testified merely that she did not see a firearm, and she corroborated Silver's testimony that appellant lifted his shirt. Both victims explained that Lane ran or was already running when appellant lifted his shirt, which would have impaired her ability to see the firearm beneath it.

Thus, no conflict existed between Silver's and Lane's testimony about the firearm. Further, Silver's testimony that he actually saw the firearm on appellant's person was not inherently incredible by itself. That testimony also was not rendered inherently incredible by the fact that Officer Lisa Baggett did not find the firearm on appellant or his companion when she searched them twenty to thirty minutes after the attempted robbery. Nor was it rendered inherently incredible by the fact that Officer Baggett did not search for a firearm in appellant's residence or the bushes near the scene of the attempted robbery where appellant and his

- 5 -

companion were seen crouching after fleeing the scene.  Finally, the trier of fact was entitled to reject the testimony of appellant's aunt claiming that Lane later admitted appellant did not have a firearm in his possession when he approached them at the gate.

Thus, direct evidence, in the form of Silver's eyewitness testimony -- which was found credible by the jury and was corroborated by Lane's testimony that she, too, saw appellant lift his shirt -- proved beyond a reasonable doubt that appellant possessed and used a firearm in the commission of attempted robbery.

## II.

For these reasons, we hold the evidence was sufficient and affirm appellant's convictions.

<u>Affirmed.</u>