COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and McClanahan
Argued at Alexandria, Virginia


RONALD MICHAEL YOUNG, JR.
                                        MEMORANDUM OPINION* BY
v.        Record No. 2299-07-4             JUDGE LARRY G. ELDER
                                             MARCH 10, 2009
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Arthur B. Vieregg, Judge

            Lavonda N. Graham-Williams (Jerri L. Fuller; Law Offices of
            Patrick N. Anderson, P.C., on briefs), for appellant.

            Josephine F. Whalen, Assistant Attorney General (Robert F.
            McDonnell, Attorney General; Karri B. Atwood, Assistant Attorney
            General, on brief), for appellee.


        Ronald Michael Young, Jr., (appellant) appeals from his jury trial conviction for robbery.

On appeal, he contends he did not voluntarily, knowingly, and intelligently waive his rights to

silence and counsel and, thus, that the trial court's denial of his motion to suppress his statements

to the officers was erroneous.  He also contends the evidence is insufficient to support his

conviction because it fails to prove a robbery occurred or, if a robbery did occur, because the

evidence fails to prove he participated in it as a principal in the second degree.[1]  We hold the

evidence supports the trial court's finding that appellant voluntarily, knowingly, and intelligently

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant petitioned for appeal on a third issue involving the admission of testimony
concerning "conversations between [appellant] and [the admitted perpetrator of the robbery] . . .
several weeks prior to [the actual robbery]."  This Court denied appellant's petition for appeal as
to that issue, and although appellant included argument on that issue in his brief, we have ruled
in response to the Commonwealth's motion that this argument "is considered stricken and will
not be considered by the Court" in this appeal.

waived his rights and that the denial of the motion to suppress was not error. We hold further

that the evidence is sufficient to support appellant's conviction for robbery. Thus, we affirm.

I.

A.

MOTION TO SUPPRESS AND RIGHT TO COUNSEL

On appeal of a ruling on a motion to suppress, we view the evidence in the light most

favorable to the prevailing party, here the Commonwealth. Commonwealth v. Grimstead, 12

Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "In doing so, [the Court] must discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

credible evidence favorable to the Commonwealth and all fair inferences that may be drawn

therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

"[W]e are bound by the trial court's findings of historical fact[, whether express or implicit,]

unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the

inferences drawn from those facts by resident judges and local law enforcement officers."

McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc).

Whether a defendant voluntarily, knowingly, and intelligently waived his rights pursuant to

Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), is a question of fact.

E.g. Jackson v. Commonwealth, 266 Va. 423, 432, 587 S.E.2d 532, 540 (2003).

In determining whether an individual has voluntarily, knowingly, and intelligently

waived his Miranda rights,

> a court must conclude the relinquishment of the right [was]
> voluntary in the sense that it was the product of a free and
> unconstrained choice rather than intimidation, coercion or
> deception. . . . The waiver must [also] have been made [knowingly
> and intelligently,] with a full awareness of both the nature of the
> right being abandoned and the consequences of the decision to
> abandon it.

- 2 -

Moran v. Burbine, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141, 89 L. Ed. 2d 410, 421 (1986). In examining the waiver, we look to the totality of the circumstances, including both the conduct of the police and the suspect's background and experience. Correll v. Commonwealth, 232 Va. 454, 464, 352 S.E.2d 352, 357 (1987); see Jackson, 266 Va. at 432, 587 S.E.2d at 540. "[A]ny evidence that the accused was threatened, tricked, or cajoled into a waiver will . . . show that the defendant did not voluntarily waive his privilege." Miranda, 384 U.S. at 476, 86 S. Ct. at 1629, 16 L. Ed. 2d at 725.

Appellant contends his waiver of rights was involuntary because he erroneously believed his attorney had reached an agreement with police and sent the officers to talk to him. He avers that "neither Detective Bailey[] nor Investigator Fognano did or said anything to dispel him of the notion that they were there" at the behest of his attorney and that their silence on this issue "was tantamount to a [false] declaration that the officers were indeed working with defense counsel." Appellant contends the officers' behavior "completely undermine[d] Miranda" and prevented him from intelligently waiving his Fifth and Sixth Amendment rights.

We need not decide whether an officer's failure to correct a suspect's misunderstanding on such an issue would negate the impact of a Miranda waiver because the evidence, viewed in the light most favorable to the Commonwealth, establishes the officers made no attempt to take advantage of appellant's misperception and that Detective Bailey in fact immediately corrected this misperception, telling appellant "No," when appellant inquired whether his attorney had sent them.

Further, the totality of the circumstances supports the trial court's finding that appellant validly waived his rights. Detective Bailey testified that although it was about 10:30 p.m. when he "went over Miranda" with appellant, appellant appeared alert and indicated verbally that he understood his rights. Appellant then initialed each right and signed the pre-printed waiver form.

Although appellant was being held in the Prince William County jail on unrelated charges at the time, the interview took place in a ten-foot-square room, and appellant was not handcuffed during the interview. Appellant had been in jail at least once or twice before Detective Bailey interviewed him and, thus, had some familiarity with the criminal justice system. Further, when appellant took the stand at the suppression hearing, he testified clearly and articulately that he read, signed, *and understood* his rights pursuant to Miranda before he told Detective Bailey about his role in the robbery at issue, and no evidence in the record, viewed in the light most favorable to the Commonwealth, indicated otherwise.

Thus, the evidence supported the trial court's denial of appellant's motion to suppress.

B.

SUFFICIENCY OF THE EVIDENCE FOR THE ROBBERY CONVICTION

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to [the evidence] all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). The trier of fact is free to believe or disbelieve in part or in whole the testimony of any witness. E.g. Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only if we find that the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). Thus, the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction.

A conviction for robbery requires proof of a "taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or

- 4 -

intimidation." Commonwealth v. Jones, 267 Va. 284, 286, 591 S.E.2d 68, 70 (2004).  A person who acts as a principal in the second degree to the crime may be punished as if he were the perpetrator.  A principal in the second degree

> "is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." Brown v. Commonwealth, 130 Va. 733, 736, 107 S.E. 809, 810 (1921). . . .  The defendant's conduct must consist of "inciting, encouraging, advising or assisting in the [crime]."  Frye v. Commonwealth, 231 Va. 370, 389, 345 S.E.2d 267, 280 (1986).  It must be shown that the defendant procured, encouraged, countenanced, or approved commission of the crime.  "To constitute one an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal."  Triplett v. Commonwealth, 141 Va. 577, 586, 127 S.E. 486, 489 (1925)[.]

Rollston, 11 Va. App. at 539, 399 S.E.2d at 825.

Appellant contends the evidence was insufficient to prove Jeffrey Rogers, the actual perpetrator, used violence or intimidation to effect the taking and, thus, that the evidence was insufficient to prove a robbery occurred.  In the alternative, he contends that even if the evidence proved Rogers committed robbery, it was insufficient to prove appellant was a principal in the second degree in Rogers's commission of the offense.  We hold the evidence was sufficient to support appellant's conviction.

First, the evidence, viewed in the light most favorable to the Commonwealth, established that Rogers used intimidation to accomplish the taking.  Rogers testified at trial and admitted that because he entered the bank without a weapon, he expected to have to use intimidation to accomplish the taking, and the circumstantial evidence proved he did so.  Upon entering the bank, he approached Teller Madhu Jain's station, leaned across the counter so that his face was only two feet from hers, and demanded the fifty and one hundred dollar bills from Jain's drawer.  Because Jain did not initially understand Rogers and did not respond immediately, Rogers repeated his demand for the fifty and one hundred dollar bills in her drawer.  Jain gave him the

fifties and one hundreds from her drawer, "but it wasn't much," "like one or two hundred." Rogers then "yell[ed] at [her]" to "give [him] all [her] money," so she gave him her entire drawer, and he "took all the money" remaining. This evidence supported a finding that Jain "'actually surrendered [the money] to [Rogers] because of fear of bodily harm induced by [Rogers's] intimidating words and conduct.'" Bivens v. Commonwealth, 19 Va. App. 750, 754, 454 S.E.2d 741, 743 (1995) (quoting Harris v. Commonwealth, 3 Va. App. 519, 521-22, 351 S.E.2d 356, 357 (1986)).

Second, the evidence also established that appellant was guilty of the robbery as a principal in the second degree. Appellant admitted to Detective Bailey that Rogers was the perpetrator of the March 28, 2006 robbery of the BB&T in question and that he, appellant, was Rogers's driver. Appellant admitted he knew what he did was wrong but claimed he thought "the only way . . . he could get rid of Mr. Rogers," who had been staying with him and his family, "*was just to agree to go ahead with [Rogers's] plan*" *for the robbery*. (Emphasis added.) Appellant parked his vehicle "out of the direct sight of the bank," and after Rogers returned to the car, appellant accepted from Rogers $850 of the proceeds from the robbery. Using a map, appellant confirmed for Detective Bailey the location of the BB&T appellant helped Rogers rob. This evidence was sufficient to prove appellant acted as a principal in the second degree.

II.

For these reasons, we hold the evidence supports the trial court's finding that appellant voluntarily, knowingly, and intelligently waived his rights and that the denial of the motion to suppress was not error. We hold further that the evidence is sufficient to support appellant's conviction for robbery. Thus, we affirm.

Affirmed.