■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SATURNINO OQUENDO, Appellant.—Judgment of the Supreme Court, Bronx County (Martin B. Klein, J.), rendered on April 1, 1986, convicting defendant, following a jury trial, of sodomy in the first degree, burglary in the first degree, attempted rape in the first degree, sexual abuse in the first degree, assault in the third degree and endangering the welfare of a child, and sentencing him to four indeterminate terms of imprisonment of from 3 to 9 years and to two definite terms of imprisonment of 1 year, all to run concurrently, is modified on the law to the extent of reducing the conviction for burglary in the first degree to burglary in the second degree, dismissing the conviction for assault in the third degree and vacating the sentence thereon, and otherwise affirmed.

Defendant contends that the evidence at trial was insufficient to support his conviction for burglary in the first degree and assault in the third degree in that both offenses require proof that the victim suffered either impairment of her physical condition or substantial pain and that, in addition, with respect to the assault charge, there was no showing of an intent to cause physical injury. In that regard, the physical harm inflicted herein took place when, according to the complainant's testimony at trial, defendant pushed his way into her apartment, thereby causing her to fall and hit her ankle against a closet door, and then he kicked her. The extent of her resulting injury appears to have been some bruising since the ankle turned "black and blue" and hurt her at the time of occurrence. Penal Law §§ 140.30 (burglary in the first degree) and 120.00 (assault in the third degree) both include causing physical injury as an element thereof. Subdivision (9) of section 10.00 of the Penal Law defines "physical injury" as "impairment of physical condition or substantial pain."

While the issue of whether the People have demonstrated sufficient "impairment of physical condition or substantial pain" necessary to establish physical injury is generally to be decided by the trier of fact, the legal authority is clear that "there is an objective level * * * below which the question is one of law" (Matter of Philip A., 49 NY2d 198, 200). Thus, it has been held that such minor injuries as a one-centimeter cut above the lip (People v Jimenez, 55 NY2d 895), superficial scratches (People v Ruttenbur, 112 AD2d 13), a small abrasion

requiring one stitch *(People v Contreras,* 108 AD2d 627), being hit, resulting in a red mark and some degree of pain *(Matter of Philip A., supra)* do not constitute "substantial pain" within the meaning of Penal Law § 10.00 (9). Indeed, even being struck in the head with a gun *(People v Chandler,* 120 AD2d 542) and a gunshot wound *(People v Rojas,* 61 NY2d 726; *People v Francis,* 112 AD2d 167) do not, in the absence of other factors, meet the statutory mandate of "substantial pain." The injury suffered by the complainant in the instant matter consisted entirely of pain experienced at the time of commission of the crime, the severity of which is undetermined, and some bruising, and there is no indication of any aftereffects. Consequently, the evidence at trial was insufficient to convict defendant of burglary in the first degree and assault in the third degree, and his conviction for first degree burglary must be reduced to the lesser included offense of burglary in the second degree, and the conviction for assault in the third degree must be dismissed. Since the sentence imposed by the trial court on the burglary count is a legal sentence for the lesser crime (Penal Law §§ 140.25, 70.00), and defendant declines to be resentenced in the event that the other felony counts are sustained, resentencing is not warranted. We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.