■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FELICIANO, Appellant.—Judgment of the Supreme Court, New York County (Richard Carruthers, J.), rendered April 27, 1988, convicting defendant, after a jury trial, of robbery in the first and the second degrees, and sentencing defendant to concurrent terms of from 8 to 16 years' and from 5 to 10

---

years' imprisonment, respectively, unanimously modified, on the law, to the extent of dismissing defendant's conviction for robbery in the second degree and, except as so modified, affirmed.

During a robbery in which defendant stole a gold chain, he punched his victim, Manuel Rivera, in the mouth. Rivera, who had just left work at a restaurant located on Eighth Avenue near 42nd Street in the Borough of Manhattan, pursued his assailant along 42nd Street in the direction of Eighth Avenue. In the course of escaping his pursuer, defendant used a length of two-by-four lumber to strike Rivera in the back.

Rivera gave a description of defendant, whom he recognized as someone who frequented the area, to the police. Because Rivera speaks little English, his employer acted as translator. Approximately one month later, again on 42nd Street, Rivera recognized defendant and informed a police officer who apprehended him.

There is no merit to defendant's claim that, due to discrepancies between his appearance and the physical description recorded by the police, his identity has not been proven beyond a reasonable doubt. The discrepancies are not so pronounced as to compel reversal. Moreover, the discrepancies may be accounted for by inaccuracies in the translation given to the police by Rivera's employer. Finally, there is sufficient information in the record to enable the jury to have concluded that Rivera knew his attacker by sight at the time of the robbery.

As to the second degree robbery count, however, it has not been demonstrated that defendant inflicted a "physical injury" within the contemplation of Penal Law § 160.10 (2) (a). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). While it is normally a question for the trier of fact, "there is an objective level * * * below which the question is one of law, and the charge should be dismissed" (Matter of Philip A., 49 NY2d 198, 200; People v Oquendo, 134 AD2d 203, lv denied 70 NY2d 959).

Rivera testified that he suffered pain at the time of the attack, a swollen and bloody lip and a red mark on his back which "really hurt." However, he did not seek medical treatment, allegedly because of a lack of funds, and returned to work the next day. We therefore conclude, as we stated in Oquendo (supra, at 204), "The injury suffered by the complainant in the instant matter consisted entirely of pain experienced at the time of commission of the crime, the severity of

which is undetermined, and some bruising, and there is no indication of any aftereffects". Concur—Sullivan, J. P., Carro, Wallach, Smith and Rubin, JJ.