■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONFESSOR PAGAN, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered December 1,

1988, convicting defendant after jury trial of robbery in the first and second degrees and sentencing him as a second felony offender to concurrent terms of imprisonment of from 4½ to 9 and 3 to 6 years, respectively, unanimously affirmed.

Defendant was accused of leaning from a moving subway train and snatching a bag carried by the victim who was walking along the station platform. She was dragged 6 to 8 feet along the platform, suffering bruises and abrasions, before she let go of her bag. At the hospital, she gave a description of her assailant to the police, and 19 days later she identified the defendant in a lineup.

The victim's testimony that her attention had been drawn for a few seconds to the rapidly approaching figure of defendant, notwithstanding the otherwise crowded conditions on the platform, was sufficiently convincing since she believed she was about to witness someone falling from between cars of the train. Her identification of defendant, notwithstanding minor discrepancies, was properly a subject for jury evaluation.

The subway train was a "dangerous instrument" for purposes of first degree robbery (Penal Law § 160.15 [3]; cf., People v Diaz, 129 AD2d 968, lv denied 70 NY2d 710), notwithstanding defendant's failure to "possess" that instrumentality. (See, People v Galvin, 65 NY2d 761.)

Robbery in the second degree, under these facts, requires a showing of "physical injury" (Penal Law § 160.10 [2] [a]). The victim's testimony as to her subjective experience of pain was corroborated by the testimony of the police officer who took her complaint at the hospital, and the existence of her injury further substantiated by records of her hospital treatment, including X rays and the administering of a tetanus shot. (Cf., People v Feliciano, 156 AD2d 258.) The combination of factors was thus sufficient for the jury to consider as proof of physical injury. (People v Rojas, 61 NY2d 726.) Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.