COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


KENNETH GAYLOCK WINN
                                              OPINION BY
v.          Record No. 0861-94-2       JUDGE LARRY G. ELDER
                                           OCTOBER 24, 1995
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge


          B. Craig Dunkum (Duane & Shannon, P.C., on
          briefs), for appellant.

          Monica S. McElyea, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.



     Kenneth Gaylock Winn (appellant) appeals his conviction for

robbery in violation of Code § 18.2-58.  Appellant contends the

evidence failed to prove he used violence or intimidation against

the victim to take the victim's purse, a necessary element to

support his conviction.  Under the facts of this case, we agree

and reverse the robbery conviction.

                              I.

     The victim was walking through the parking lot of a Ukrop's

Grocery Store in Henrico County at approximately 8:30 p.m. on

November 13, 1993, after having purchased groceries.  As the

victim walked toward her car, accompanied by a Ukrop's employee,

she heard footsteps behind her.  Appellant appeared from behind

the victim and "took" her purse from her.  The purse strap, which

was worn over the victim's shoulder, was "very strongly" removed

and the purse taken from under her arm. The victim testified that there was no struggle between her and appellant and that the entire event lasted mere seconds. Although the victim and the Ukrop's employee immediately chased appellant, he escaped with the purse. He was thereafter apprehended. Appellant was tried without a jury and convicted of robbery.

## II.

We hold under the facts of this case that the Commonwealth produced insufficient evidence to convict appellant of robbery, as appellant did not use violence or intimidation against the victim to effect the theft of the victim's purse. In reaching this determination, we are guided by certain principles.

> When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The conviction will be disturbed only if plainly wrong or without evidence to support it.
>     The elements of robbery, a common law offense in Virginia, include a "'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation'" which precedes or is "concomitant with the taking."

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992)(emphasis added)(citations omitted).

"The touching or violation necessary to prove [robbery] may be indirect, but cannot result merely from the force associated with the taking." Bivins v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742 (1995)(citation omitted). Instead,

2

"[v]iolence or force requires a physical touching or violation of the victim's person." Id. In support of this concept, the Bivins Court cited with approval People v. Thomas, 119 Ill. App. 3d. 464, 75 Ill. Dec. 1, 2, 456 N.E.2d 684, 685 (1983), which stated, "'the offense of robbery . . . is not related to the force used on the object taken but to the force or intimidation directed at the person of the victim.'" Id. at 753-54, 454 S.E.2d at 743. See also Mason v. Commonwealth, 200 Va. 253, 255, 105 S.E.2d 149, 151 (1958)("[r]obbery is an offense against the person")(emphasis added).

Appellant admits he took the victim's purse with the intent to steal it. The focus of appellant's insufficiency claim is based wholly upon the evidence related to proof of the essential element of robbery--that the actor used violence or intimidation directed against the victim to effect the taking. Appellant argues he used no more force than was necessary to accomplish the removal of the purse from the victim's shoulder and arm. Absent the violence/intimidation element, appellant contends he could only have been convicted of larceny from the person in violation of Code § 18.2-95, which carries a less severe punishment.

The Commonwealth asserts that because the victim testified appellant "took" her purse "very strongly" and ran with it, the trial court could have reasonably inferred appellant used violence to effectuate the taking. We disagree with the Commonwealth. Although no Virginia cases have decided whether a

"purse snatching" is a robbery or a larceny from the person, we are guided by the decisions of other jurisdictions. Some states have held that the mere snatching of another's purse constitutes robbery, yet most states have determined that such a "sudden taking of property from the person of another does not in itself involve such force, violence, or putting in fear as will constitute robbery," and instead constitutes larceny. Peter G. Guthrie, Purse Snatching as Robbery or Theft, 42 A.L.R.3d 1381, 1383 (1972 & 1994 Supp.). These jurisdictions have held that there must be "additional circumstances at the time of the snatching tending to transform the taking from a larceny to a robbery." Id. For example, these circumstances are present when a struggle ensues, where the victim is knocked down, or where the victim is put in fear--in other words, where the defendant employs violence or intimidation against the victim's person. See, e.g., People v. Middleton, 623 N.Y.S.2d 298, 299 (N.Y. App. Div. 1995)(reversing robbery conviction where the victim was not intimidated, knocked down, struck, or injured, even where the victim's purse was found with a broken shoulder strap); State v. Sein, 590 A.2d 665, 668 (N.J. 1991)(following "predominant view [that] there is insufficient force to constitute robbery when the thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking"); State v. Williams, 521 A.2d 150, 155 (Conn. 1987)(affirming robbery conviction where purse snatching left bruises on the victim's

4

shoulder; jury could have inferred that the victim offered resistance to the force exerted to wrench the shoulder strap from her).  Contra People v. Brooks, 559 N.E.2d 859, 862 (Ill. App. Ct. 1990)("a simple snatching or sudden taking of property from an unsuspecting person will be insufficient force to constitute robbery;" however, if "the property is so attached to the victim's person or clothing as to create resistance to the taking," robbery may be proven); Raiford v. State, 447 A.2d 496, 500 (Md.Ct.Spec.App. 1982)(affirming robbery conviction where the victim's shoulder strap was ripped from her arm and stating that "purse was so attached to her person as to afford resistance to the taking"), aff'd in pertinent part, 462 A.2d 1192 (Md. 1983).

The Commonwealth relies on Maxwell v. Commonwealth, 165 Va. 860, 864, 183 S.E. 452, 454 (1936), in which the Supreme Court stated that only "slight" violence, or anything that calls out for resistance, is enough to establish the violence/intimidation element of robbery.  However, the record in this case is devoid of even "slight" violence against the victim or resistance from the victim.  Here, no evidence proved that appellant touched the victim's person at any time or that the victim resisted the removal of the purse.  This case also differs from Broady v. Commonwealth, 16 Va. App. 281, 429 S.E.2d 468 (1993), cited by the Commonwealth.  In Broady, we held that appellant was guilty of robbery where he struggled with the victim for her purse and in the process pushed the victim six to eight feet against her

5

car.  In this case, there was no evidence of any physical contact or struggle.

As appellant contends, this case is more similar to Johnson v. Commonwealth, 65 Va. (24 Gratt.) 555 (1873), in which the defendant was convicted of larceny from the person.  In Johnson, the Supreme Court held that the facts supported a larceny conviction where the victim held money in his open hand as the defendant walked by, and the defendant took the money out of the victim's hand and kept walking.  65 Va. at 557-58.  In this case, the "very strong" force employed by appellant was the force necessary to remove the purse from the victim's shoulder, not the force associated with violence against or resistance from the victim.

We hold that under the facts of this case, there was insufficient evidence of violence or intimidation against the victim's person to convict appellant of robbery.  Accordingly, we reverse appellant's conviction and remand with leave for the Commonwealth to proceed on other appropriate charges if it be so advised.

Reversed and remanded.