COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


MELVIN LEE JONES

v.  Record No. 0527-97-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JAMES W. BENTON, JR.
MARCH 10, 1998

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

Wayne T. Baucino, Assistant Public Defender,
for appellant.

Kathleen B. Martin, Assistant Attorney
General (Richard Cullen, Attorney General, on
brief), for appellee.


Melvin Lee Jones was tried by a judge and convicted of robbery. He contends the evidence was insufficient to prove beyond a reasonable doubt that he obtained the property by violence or intimidation. We affirm the conviction.

The evidence at trial proved that Sandra Byrd walked from a shopping mall in Martinsville with her purse under her arm. Byrd testified that because she was cautious, she had "tucked" the purse under her arm and carried it against her rib cage. As she walked along the sidewalk, someone came behind her, tapped her on the shoulder, and "jerked" her around by pulling her shoulder. The man who "jerked" her around then looked directly in her face, snatched her purse, and ran. Byrd dropped her coffee, screamed, and chased the man. She saw him enter a white car which sped away.

A witness, who was sitting in his vehicle near the mall, saw

a man run up behind Byrd. The witness testified that the man snatched her purse but "didn't knock her down." During his testimony, the witness stepped from his seat and demonstrated how the man approached Byrd and grabbed her purse.

Another witness heard Byrd screaming and saw a man running across the parking lot with a purse. The witness noted the automobile's license plate number and gave it to the police.

A police investigator testified that the license plate number belonged to Christopher Beck's automobile. When the police investigator interviewed Beck and his passenger, Jones' cousin, they both identified another man as the person who took Byrd's purse. However, when the investigator later separately re-interviewed Beck and Jones' cousin, they both identified Jones as the person who took Byrd's purse.

Beck testified that he drove his white automobile to the mall with Jones and Jones' cousin as his passengers. Beck also testified that a short time after Jones exited the automobile, Jones ran back to the car, jumped in, and said, "Let's go." As they drove away, Jones showed Beck a purse and said he had taken it from a woman. Jones' cousin, who was the other passenger in the automobile, similarly testified that shortly after Jones exited the automobile, Jones ran back, jumped in, and showed them a woman's purse after they drove away.

The trial judge denied defense counsel's motion to strike the robbery charge and reduce the charge to grand larceny from

the person.  At the conclusion of the evidence, the judge convicted Jones of robbery.

"Robbery, a common law offense in Virginia, is defined as the 'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, <u>by violence or intimidation</u>.'"  <u>Harris v. Commonwealth</u>, 3 Va. App. 519, 521, 351 S.E.2d 356, 357 (1986) (emphasis added) (citation omitted).  Recently in <u>Winn v. Commonwealth</u>, 21 Va. App. 179, 462 S.E.2d 911 (1995), this Court addressed the very issue raised by this appeal.  We noted that conduct which is generally described as "purse snatching" is a larceny unless the evidence proves the accused employed violence against the victim's person or used intimidation.  <u>See</u> <u>id.</u> at 181-83, 462 S.E.2d at 913.  Citing cases from Virginia and other jurisdictions, <u>Winn</u> particularly addressed those additional elements as follows:

> "The touching or violation necessary to prove [robbery] may be indirect, but cannot result merely from the force associated with the taking."  Instead, "[v]iolence or force requires a physical touching or violation <u>of the victim's person</u>."  . . .  "'[T]he offense of robbery . . . is not related to the force used on the object taken but to the force or intimidation <u>directed at the person of the victim</u>.'"
>
> \*       \*       \*       \*       \*       \*       \*
>
> [T]here must be "additional circumstances at the time of the snatching tending to transform the taking from a larceny to a robbery."  For example, these circumstances are present when a struggle ensues, where the victim is knocked down, or where the victim

> is put in fear -- in other words, where the
> defendant employs violence or intimidation
> against the victim's person.

21 Va. App. at 181-82, 462 S.E.2d at 912-13 (citations omitted).

The evidence in this case proved that Jones grabbed Byrd, "jerked" her around by pulling on her shoulder, looked directly into her face, and then grabbed the purse that Byrd was clutching under her arm. Although defense counsel stated in closing argument that "based on what [the witness] acted out, it is clear that whoever did this was a purse snatcher," the Commonwealth's attorney stated that the witness "doing the demonstration . . . , basically knocked [defense counsel] almost off his feet." The trial judge found that "the taking [was] accomplished by a physical jerking of" Byrd. Thus, the testimony and the demonstrative evidence proved beyond a reasonable doubt that Jones used "force . . . directed at the person of the victim." Winn, 21 Va. App. at 182, 462 S.E.2d at 912. The taking of the purse occurred after Jones touched and jerked Byrd.

Moreover, the evidence proved that Jones first "jerked" Byrd around to face him before he took her purse. This was a sudden physical confrontation. "Intimidation results when words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm." Bivins v. Commonwealth, 19 Va. App. 750, 753, 454 S.E.2d 741, 742 (1995). Jones' conduct, forcing Byrd to turn and face him, was

- 4 -

an exercise of domination over Byrd that was designed to overbear her will and place her in fear of bodily harm.  <u>See</u> <u>Harris</u>, 3 Va. App. at 521, 351 S.E.2d at 357.

This case is factually distinguishable from <u>Winn</u> because the evidence proved that Jones touched Byrd and violated her person in a manner unrelated to the force necessary to remove the purse.  <u>See also</u> <u>Bivins</u>, 19 Va. App. at 752, 454 S.E.2d at 742 (robbery occurs when "a physical touching or violation of the victim's person" is accomplished which does not "result merely from the force associated with the taking").  In <u>Winn</u>, "no evidence proved that [the accused] touched the victim's person at any time."  21 Va. App. at 183, 462 S.E.2d at 913.

For these reasons, we affirm the conviction.

<u>Affirmed</u>.