COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


STEVEN LAMONTE STANLEY, JR., S/K/A
 STEVEN LAMONT STANLEY, JR., A/K/A
 STEVEN DUNFORD
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1902-98-2             JUDGE SAM W. COLEMAN III
                                          DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                 W. Park Lemmond, Jr., Judge Designate

            (Margaret Ann Englisby; Denis C. Englisby;
            Englisby & Englisby, on brief), for
            appellant.  Appellant submitting on brief.

            (Mark L. Earley, Attorney General;
            Kathleen B. Martin, Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.


     Steven Lamont Stanley was convicted in a bench trial of

robbery in violation of Code § 18.2-58.  On appeal, Stanley argues

that the evidence was insufficient to support the conviction

because the acts constituting the required element of violence did

not precede or were not concomitant with the taking of the

property of another from her person or presence.  We disagree and

affirm the conviction.

---

     *Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

Patricia Aumiller, the victim, was approaching a pay phone located at the entrance of a grocery store when she noticed a man and woman at an adjoining pay phone. While Aumiller dialed the phone, the woman grabbed Aumiller's purse from her right shoulder, and as Aumiller turned around, the man struck her in the face. The couple then fled with Aumiller's purse. Aumiller estimated that approximately two to three seconds elapsed between the time her purse was taken and when she was struck. Although Aumiller stated that Stanley looked "identical" to the man who struck her, she could not positively identify Stanley as the perpetrator.

Janet Bookman testified that as she left the grocery store that evening, she noticed two people step onto the sidewalk and run over to the pay phones. She watched as one person picked up the phone receiver and pretended to use the phone. Bookman testified that the man walked towards her and passed within a foot of her. Bookman continued to walk to her car and as she looked back toward the pay phones, she saw the man strike Aumiller, hitting her twice in the face, and grab her purse. Bookman observed the man and woman run off together behind the grocery store passing the stolen purse back and forth. Bookman later identified Stanley in a photographic lineup and at trial as the man at the grocery store who struck Aumiller and stole her purse.

ANALYSIS

Stanley argues that the evidence failed to prove that the force or violence preceded or was concomitant with the taking of Aumiller's purse because two to three seconds elapsed between the two events. Stanley also argues that the evidence failed to prove that he was the perpetrator because Aumiller's testimony was completely contradicted by Bookman's testimony.

On review, we view the evidence in the light most favorable to the prevailing party and grant to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

Robbery is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964). "The act of violence or intimidation employed must precede or be concomitant with the

taking." Beard v. Commonwealth, 19 Va. App. 359, 362, 451 S.E.2d 698, 700 (1994) (citing Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992)). "The touching or violation necessary to prove [robbery] may be indirect, but cannot result merely from the force associated with the taking." Bivins v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742 (1995) (citation omitted). Similarly, violence resorted to merely to retain possession already acquired or to effect escape will be insufficient to supply the force necessary to support a robbery conviction. See Manson v. Commonwealth, 200 Va. 253, 256, 105 S.E.2d 149, 151 (1958).

Where, as here, the facts establish that the violence against Aumiller and the trespass to her "'combine in a continuing, unbroken sequence of events, the robbery itself continues as well for the same period of time.'" Quesinberry v. Commonwealth, 241 Va. 364, 373, 402 S.E.2d 218, 224 (1991) (citation omitted); see Person v. Commonwealth, 10 Va. App. 36, 40, 389 S.E.2d 907, 910 (1990). Stanley struck Aumiller within two to three seconds after her purse was removed from her shoulder and while Aumiller was trying to resist the taking. See Beard, 19 Va. App. at 363, 451 S.E.2d at 700 (finding that "asportation of stolen property continues and is not complete until the taker severs the property from the absolute control and possession of the victim"); see also Jones v. Commonwealth, 26 Va. App. 736, 496 S.E.2d 668 (1998)

- 4 -

(finding defendant guilty of robbery where defendant "jerked" the victim around to face him before taking her purse); cf. Winn v. Commonwealth, 21 Va. App. 179, 462 S.E.2d 911 (1995) (reversing defendant's robbery conviction where defendant "very strongly" removed victim's purse from her shoulder).  On these facts, Stanley's striking Aumiller was part of the force used to take Aumiller's property and was sufficiently close in time and effect to be concomitant with the taking.

When weighing the evidence, the fact finder is not required to accept entirely either party's account of the facts.  See Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986).  The fact finder may reject that which it finds implausible, yet accept other parts which it finds to be believable.  See Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973).  Here, the fact that Aumiller could not positively identify Stanley as her assailant did not render the evidence insufficient.  Rather, the lack of a positive identification by the victim was a fact to be weighed by the court.  Bookman, a witness who observed the events and passed close to Stanley, positively identified him as the assailant.  Although Bookman's and Aumiller's recitation of the event differed in some degree, the fact finder is not bound by either's version and could believe that which is more favorable to the

Commonwealth.  See Eaton v. Commonwealth, 240 Va. 236, 249-50, 397 S.E.2d 385, 393 (1990).

Accordingly, we affirm Stanley's conviction for robbery.

Affirmed.