COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


CRAIG HENDERSON

MEMORANDUM OPINION* BY
v.    Record No. 3017-99-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
DECEMBER 12, 2000
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

> Catherine L. MacLean, Assistant Public
> Defender, for appellant.
>
> John H. McLees, Jr., Senior Assistant
> Attorney General (Mark L. Earley, Attorney
> General, on brief), for appellee.


Craig Henderson (appellant) was convicted in a bench trial of robbery.  On appeal, he contends: (1) the trial court erred in denying his motion for a continuance, (2) the evidence was insufficient to prove the taking was accomplished by violence, and (3) the evidence was insufficient to identify him as the robber. We disagree and affirm his conviction.

I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed, the evidence established that about 8:00 p.m. on December 19, 1998, James Minson (Minson) left Pembroke Mall to smoke a cigarette.  Appellant followed Minson outside, and the two men smoked and talked together for about eight minutes.  The area was well-lit, and Minson had a "clear look" at appellant.  As they spoke, appellant suddenly threw down his cigarette, said "there she is," and began to chase Ms. Merriam Scott (Scott) and Philip Anderer.  Minson observed appellant "lowering his right shoulder, swinging it forward in a blocking -- football-blocking-type motion."  It was "no big movement," but it was intentional, "like running through her, but preparing yourself to do it."  Appellant struck Scott, knocked her to the ground, grabbed her purse and continued to run.

A number of other people chased appellant, saw him leave the scene, but could not identify him.  Approximately ten days after the robbery, Minson was shown a photo lineup by Detective Hebert and identified appellant as the person involved in the robbery. At trial Minson stated that there was no doubt in his mind that appellant was the man who robbed Scott.

At the close of the evidence, appellant moved to strike the evidence because the evidence was (1) insufficient to identify him as the robber and (2) insufficient to establish the force or

-

violence necessary to prove a robbery.  The court denied appellant's motion and found him guilty of robbery.

## II.  Motion for a Continuance

Appellant contends that the trial court erred in denying his motion for a continuance made two days before trial to allow a privately retained attorney to represent him.

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court."  Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990).  The Virginia Supreme Court has established a two-pronged test for determining whether a trial court's denial of a continuance is reversible error.  Reversal is required only if it appears from the record: (1) that the court abused its discretion and (2) that the movant was prejudiced by the court's decision.  See Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994).

On January 13, 1999, appellant requested and received court-appointed counsel.  Trial was set for June 12, 1999, but was continued by joint motion to August 4, 1999.  On August 2, 1999, appellant requested another continuance to substitute privately retained counsel for the Assistant Public Defender assigned to his case.  He stated that he had just recently received funds to retain a new lawyer, who had agreed to represent him but who could not be present on August 4, 1999.  The record showed that appointed counsel had participated in a "fairly detailed"

-

preliminary hearing and was ready for trial.  The duty judge heard arguments on this motion and denied the continuance.  At trial, appellant again requested a continuance which was denied by the trial judge.

An accused's right to be represented by counsel "includes 'not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources . . . to be represented by an attorney of his own choosing.'"  Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990) (quoting Thacker v. Slayton, 375 F. Supp. 1332, 1335 (E.D. Va. 1974)).  However, this right is "limited by a 'countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis.'"  Id. at 190, 397 S.E.2d at 536 (quoting Paris v. Commonwealth, 9 Va. App. 454, 460, 389 S.E.2d 718, 721-22 (1990) (citations omitted)).  A court may also consider the convenience of the witnesses who are prepared to testify at the proceeding.  See Lebedun v. Commonwealth, 27 Va. App. 697, 713-14, 501 S.E.2d 427, 435 (1998).  "'Obviously, a defendant has no constitutional right to dictate the time, if ever, at which he is willing to be tried by simply showing up without counsel, or with allegedly unsatisfactory counsel, whenever his case is called for trial.'"  Bolden, 11 Va. App. at 190, 397 S.E.2d at 536 (quoting Sampley v. Attorney General of North Carolina, 786 F.2d 610, 613 (4th Cir.), cert. denied, 478 U.S. 1008 (1986)).  Nor does the

-

right to effective assistance of counsel guarantee the defendant will be represented by a particular attorney. Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993).

The trial judge has broad discretion in determining whether a defendant should be granted a continuance to obtain new counsel. See id. at 721, 432 S.E.2d at 523. "Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay violates the right to the assistance of counsel." Mills v. Commonwealth, 24 Va. App. 95, 99-100, 480 S.E.2d 746, 748 (1997) (citations omitted). However, exceptional circumstances must exist to justify a continuance based upon a last minute change of counsel. See Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977). Exceptional circumstances do not exist when a defendant has "a 'basic feeling' that his attorney would not represent him as ably as privately retained counsel." Feigley, 16 Va. App. at 721, 432 S.E.2d at 523.

In the instant case, appellant waited until late in the afternoon two days prior to the second trial date to request a continuance for new counsel. The case had already been continued once before, for a month and a half. Appellant's sole reason for the last minute change of counsel was that he had obtained the money necessary to hire a private attorney. This case is analogous to the situation in Feigley. Appellant failed to justify a continuance at the last minute as no exceptional

-

circumstances existed for his request to substitute counsel two days before trial and again the day of trial.

Furthermore, appellant has not shown that the denial of a continuance prejudiced his case.  There is no indication that his court-appointed public defender was inadequately prepared for trial, failed to pursue a defense or failed to perform any other duties required of her.  Thus, the trial judge did not abuse his discretion in denying appellant's motion for a continuance in order to substitute new counsel.

### III.  Violence

Appellant next contends that the evidence was insufficient to convict him of robbery because the Commonwealth failed to establish that the purse was taken "by violence or intimidation." In order to sustain a robbery conviction, the Commonwealth has the burden of proving beyond a reasonable doubt the elements of robbery which include a "'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation' which precedes or is 'concomitant with the taking.'"  Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992) (emphasis added) (citations omitted).  "Violence or force requires a physical touching or violation of the victim's person.  The touching or violation necessary to prove the offense may be indirect, but cannot result merely from the force associated with the taking." Bivens v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742

-

(1995) (emphasis added) (citing Johnson v. Commonwealth, 65 Va. (24 Gratt.) 555, 557 (1873)).  The element of violence is related to the violence or intimidation directed at the person of the victim not violence used on the object taken.  See Winn v. Commonwealth, 21 Va. App. 179, 182, 462 S.E.2d 911, 912 (1995).  In the absence of evidence of physical contact or a struggle with the victim, there is no violence used in the taking of a purse.  See id. at 183, 462 S.E.2d at 913.

A purse snatching is not robbery unless the evidence proves the accused used violence against the victim's person or used intimidation.  See Jones v. Commonwealth, 26 Va. App. 736, 739, 496 S.E.2d 668, 669 (1998); See also Winn, 21 Va. App. at 181-83, 462 S.E.2d at 913.  If the accused pushes the victim in taking the purse, he has committed the requisite violence to be convicted of robbery.  See Broady v. Commonwealth, 16 Va. App. 281, 289, 429 S.E.2d 468, 473 (1993).  The violence used does not need to be great or cause any actual harm to the victim.  Tapping the victim on the shoulder and jerking her around is sufficient violence to support a robbery conviction even though the victim isn't knocked down.  See Jones, 26 Va. App. at 740, 496 S.E.2d at 670.

In the instant case appellant ran toward the victim, lowered his right shoulder and swung it forward in a blocking -- "football-blocking-type motion."  It appeared that appellant prepared to strike Scott before the contact occurred.  After being hit, she fell to the ground as appellant continued running away.

-

Thus, in this case the violence was directed at the victim and did not "result merely from the force associated with the taking." Bivens, 19 Va. App. at 752, 454 S.E.2d at 472.  Accordingly, we hold that the evidence was sufficient to establish beyond a reasonable doubt the violence requisite to sustain a robbery conviction.

## IV.  Identification

Lastly appellant contends that the evidence was insufficient to establish his identity as the person who committed the robbery.  Determining credibility of witnesses is within the province of the trier of fact, who has the opportunity to observe the demeanor of the witnesses as they testify.  See Tross v. Commonwealth, 21 Va. App. 362, 383, 464 S.E.2d 523, 533 (1995) (citing Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993)).  The trial court's choice to believe Minson's testimony will not be reversed on appeal unless plainly wrong or without evidence to support it.  See id. In evaluating an eyewitness identification, the opportunity and ability of the witness to view the criminal before and during the crime, "the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation," are factors to be considered.  McCary v. Commonwealth, 228 Va. 219, 223, 321 S.E.2d 637, 644 (1984).

-

Minson testified that he had a clear look at appellant, spoke with him for eight minutes and saw appellant run toward and hit the victim. Minson clearly identified appellant both from the photo identification and in court as the man who robbed Scott. The testimony of one witness, if believed, is sufficient to prove identity beyond a reasonable doubt and to sustain a guilty verdict. See Bryant v. Commonwealth, 10 Va. App. 421, 427, 393 S.E.2d 216, 220 (1990).

The evidence was sufficient to convict appellant of robbery, and the denial of a continuance was not an abuse of discretion. Accordingly, the decision of the trial court is affirmed.

Affirmed.