COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


MARIO SENTIA JOHNSON

MEMORANDUM OPINION[*] BY
v.    Record No. 2475-00-2            JUDGE JERE M. H. WILLIS, JR.
                                         NOVEMBER 6, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

William B. Bray (Perry & Bray, on brief), for
appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Mario Sentia Johnson was convicted in a bench trial of

robbery, in violation of Code § 18.2-58.  On appeal, he contends

that the Commonwealth failed to prove force, violence or

intimidation.  We reverse the judgment of the trial court and

remand for further proceedings, if the Commonwealth be so advised.

I.  BACKGROUND

On the evening of March 5, 2000, Ruth Valore exited a

Friendly's restaurant in Chesterfield County.  As she approached

her car, her purse was stolen by Johnson.  Johnson was indicted

for robbery.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mrs. Valore testified as follows:

[PROSECUTOR]:  And go ahead and describe how it [the purse] was taken from you?

A:  Well, I was walking towards the car and he came up behind me and just kind of turned me around and just took it right off my arm.

Q:  You say you were turned around?

A:  Well, I mean, you know, almost turned around.

Q:  Did you feel anything?

A:  Not really, not at first, no.

 *      *      *      *      *      *      *

[DEFENSE COUNSEL]:  He took the purse, right?

A:  Yeah.

Q:  He did not grab you, correct?

A:  Not really.

Q:  He grabbed the purse; is that correct?

A:  Yeah.

Q:  And when you --

A:  But he grabbed it so hard it turned me around.

Q:  How far around did it turn you?  I know you're sitting down now, so could you sort of indicate -- I don't know if you know your angles, like 45 degrees?  90 degrees?

A:  I don't know.  He just turned and just took it and I went this way.

Q:  Okay.  And how far around would you say?

A:  I don't know.  I can't --

-

Q: Okay. Was it that you turned to look at him as he took your purse?

A: No. I didn't even know, at first I didn't even know what happened. I just --

Q: But you do not recall him touching you at all then, just your purse?

A: Just, yeah, just my purse.

Q: And he did not threaten you in any way or present any weapon, did he?

A: No.

Q: Okay. No further questions.

At the conclusion of the Commonwealth's case, Johnson moved to strike the evidence. He renewed the motion upon resting his case. He argued that the evidence did not support the charge of robbery, because the use of force, violence or intimidation was not proven.

## II. ANALYSIS

Johnson contends that the evidence was insufficient to prove robbery. He argues that the evidence failed to prove that Johnson used force, violence or intimidation against Mrs. Valore to effect the taking of the purse. We agree.

> When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The conviction will be disturbed only if plainly wrong or without evidence to support it.
>
> The elements of robbery, a common law offense in Virginia, include a "'taking, with intent to steal, of the personal

-

> property of another, from his person or in his presence, against his will, by violence or intimidation'" which precedes or is "concomitant with the taking."

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992) (citations omitted).

"'The touching or violation necessary to prove [robbery] may be indirect, but cannot result merely from the force associated with the taking.'" Winn v. Commonwealth, 21 Va. App. 179, 181, 462 S.E.2d 911, 912 (1995) (quoting Bivins v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742 (1995)). "'[V]iolence or force requires a physical touching or violation of the victim's person.'" Id. (quoting Bivins, 19 Va. App. at 752, 454 S.E.2d at 742) (emphasis in the original).

The circumstances in this case are similar to those in Winn. In Winn, the victim was walking through a parking lot when Winn approached from behind her. He very strongly removed her purse strap from her shoulder and took her purse from under her arm. Id. at 180-81, 462 S.E.2d at 911-12. During the theft Winn did not intimidate, touch, struggle with, knock down, strike, or injure the victim. We reversed Winn's robbery conviction and remanded. We found that the "very strong" force employed by Winn was merely the force necessary to remove the purse from the victim's shoulder, not force associated with violence to the victim or employed to overcome resistance by her. Id. at 184, 486 S.E.2d at 913.

-

Like the victim in <u>Winn</u>, Mrs. Valore had her purse strap over her shoulder. Johnson approached from behind and exerted the force required to take her purse. Mrs. Valore testified that she felt nothing at first, although she was almost turned around. The force employed by Johnson was merely the force required to remove the purse from Mrs. Valore's shoulder.

Johnson employed no violence or intimidation to accomplish the taking of the purse. Mrs. Valore testified that he did not touch her, threaten her, or present a weapon. Absent such violence or intimidation, the evidence proved no more than larceny.

Accordingly, we reverse Johnson's conviction and remand the case for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded</u>.