COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


EDDIE ARNOLD TAYLOR, JR.
                                          MEMORANDUM OPINION* BY
v.    Record No. 0735-02-1                JUDGE RICHARD S. BRAY
                                              MARCH 4, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                 Charles D. Griffith, Jr., Judge

          Christian L. Connell for appellant.

          Eugene Murphy, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Eddie Arnold Taylor, Jr. (defendant) was convicted in a

bench trial of robbery, a violation of Code § 18.2-58.  On

appeal, he contends the Commonwealth failed to prove the force,

violence or intimidation requisite to the offense.  Finding no

error, we affirm the conviction.

     In accordance with well established principles, "[o]n

appeal, 'we review the evidence in the light most favorable to

the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.'"  Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Viewed accordingly, the record establishes that Diane Anunziado had been shopping on the afternoon of March 25, 2001 and returned to her vehicle carrying two packages and her purse. After opening the rear door of the car and placing the packages on the seat, "[s]omebody came up behind" Anunziado and "pulled . . . hard" on her purse.  Because she was holding the purse in both hands, with the strap on her arm, Anunziado was "flung around" "so hard it knocked off [her] sunglasses."  Once "spun around" and "face-to-face" with defendant, Anunziado demanded, "give back my blanking purse," but defendant instead "grabbed" the purse and fled, with Anunziado in pursuit.

> The elements of robbery, a common law offense in Virginia, include a "'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation'" which precedes or is "concomitant with the taking."

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992) (citations omitted).  "The touching or violation necessary to prove [robbery] may be indirect, but cannot result merely from the force associated with the taking."  Bivins v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742 (1995) (citation omitted).

Thus, "conduct which is generally described as 'purse snatching' is a larceny unless the evidence proves the accused employed violence against the victim's person or used

-

intimidation." Jones v. Commonwealth, 26 Va. App. 736, 739, 496 S.E.2d 668, 669 (1998).

> [T]here must be "additional circumstances at the time of the snatching tending to transform the taking from a larceny to a robbery." For example, these circumstances are present when a struggle ensues, where the victim is knocked down, or where the victim is put in fear — in other words, where the defendant employs violence or intimidation against the victim's person.

Winn v. Commonwealth, 21 Va. App. 179, 181-82, 462 S.E.2d 911, 912-13 (1995) (citations omitted).

Here, Anunziado was violently "flung around" when defendant forcefully pulled the purse from her hands and arm. Once "spun around," she looked defendant directly in the face as he finally "grabbed" the purse from her person and fled. Clearly, such conduct constituted an assault upon Anunziado "unrelated to the force necessary to remove the purse" and was sufficiently violent to support the subject conviction. Jones, 26 Va. App. at 740, 496 S.E.2d at 670.

Accordingly, we affirm the trial court.

Affirmed.

-