COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Haley
Argued at Richmond, Virginia


KATHY ANN MILLS
                                                              OPINION BY
v.        Record No. 0141-07-3                    JUDGE JAMES W. HALEY, JR.
                                                              JULY 1, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

Catherine E. P. Haas, Assistant Appellate Defender (Office of the
Appellate Defender, on briefs), for appellant.

Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


In this purse-snatching case, Kathy Ann Mills ("Mills") maintains that the evidence of

force antecedent to or contemporaneous with the taking is insufficient to show she committed

robbery and that, accordingly, the trial court erred in convicting her of that crime. We disagree

and affirm.

I.

FACTS

The relevant facts may be succinctly stated.

Mills was the front seat passenger in a vehicle, which pulled up beside Elizabeth Witcher,

who was walking in a Hardee's parking lot. Mills asked Witcher for directions, and then

grabbed Witcher's pocketbook. As Witcher explained:

> I had it hooked in my arm, and ah, she snatched it . . . soon
> as she snatched it, she pulled off with the car, and . . . I was runnin'
> along with the car, until ah, my ankles started to draggin' . . . then I
> got on my toes. They was draggin' me on my toes. When she got

to the end of the street, she took off real fast, and that's when my
purse slipped outta my arm, and I fell.

Witcher was dragged over thirty feet until she lost possession of her purse. As a result of the incident, she experienced an immediate asthma attack and was taken from the scene to a local emergency room.

II.

ANALYSIS

"'Robbery at common law is defined as the taking, with intent to steal, of the property of another, from his person or in his presence, against his will, by violence or intimidation.'" George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991) (quoting Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964)).

Mills states on brief that "the requisite violence . . . must occur before or at the same time as the taking" and cites Mason v. Commonwealth, 200 Va. 253, 105 S.E.2d 149 (1958). We agree. Mills then presumes "the taking" occurred when she first touched the purse, and thus argues the violence against Witcher that followed was not antecedent to or contemporaneous with the taking. Initially, we note, a taking does not occur until an owner loses physical (or constructive) possession of his property. See Commonwealth v. Jones, 267 Va. 284, 289, 591 S.E.2d 68, 71 (2004); Pritchard v. Commonwealth, 225 Va. 559, 563, 303 S.E.2d 911, 913 (1983). Witcher did not lose possession of her purse to Mills until after she had been violently dragged over thirty feet. See Falden v. Commonwealth, 167 Va. 542, 545, 189 S.E. 326, 328 (1937) ("In other words, before the crime is complete it must appear that the property was taken into possession by the robber . . . .").

In Mason, the Supreme Court quoted 12 M.J. Larceny § 4 to define "taking" as follows: "'All the authorities agree in stating that in every larceny there must be an actual taking, or *severance of the goods from the possession* of the owner.'" 200 Va. at 256, 105 S.E.2d at 151

(emphasis supplied).  The Mason Court reversed a robbery conviction because "no force was used towards [the victim] . . . until accused had taken the television set in his arms and handed the article to a confederate who made off with it.  The taking and asportation preceded the violence . . . ."  Id. at 256-57, 105 S.E.2d at 151.

This Court has twice addressed the question as to whether a purse-snatching constituted robbery, or merely larceny.  In Winn v. Commonwealth, 21 Va. App. 179, 181, 462 S.E.2d 911, 912 (1995), the defendant "very strongly" took the purse, but "there was no struggle between her and appellant."  Because "the record . . . [was] devoid of even 'slight' violence against the victim *or resistance from the victim*," we reversed a conviction for robbery.  Id. at 183, 462 S.E.2d at 913 (emphasis supplied).  We distinguished Winn in Jones v. Commonwealth, 26 Va. App. 736, 496 S.E.2d 668 (1998).  There the victim was carrying her purse tucked under her arm.  Id. at 737, 496 S.E.2d at 669.  The defendant approached from her rear, "jerked her around by pulling her shoulder," and "snatched her purse."  Id.  This was a "sudden physical confrontation" which "violated her person" and constituted sufficient force or intimidation to affirm a conviction for robbery.  Id. at 740, 496 S.E.2d at 670.

Factually similar cases from other jurisdictions support our conclusion that the circumstances of the instant case substantiate a robbery conviction.  In People v. Pagan, 553 N.Y.S.2d 380, 381 (N.Y. App. Div. 1990), a robbery conviction was upheld where the "[d]efendant was accused of leaning from a moving subway train and snatching a bag carried by the victim who was walking along the station platform.  She was dragged 6 to 8 feet along the platform, suffering bruises and abrasions, before she let go of her bag."  A conviction for robbery was affirmed in Madison v. State, 219 N.W.2d 259, 260, 261-62 (Wis. 1974), where the defendant "attempted to pull away her purse.  She held tightly and the defendant pulled her around on the street until the link holding the strap broke, and the defendant fled with her purse."

A robbery conviction was also upheld where the victim was pushing a grocery cart with her purse hanging from her wrist.  State v. Scott, 568 A.2d 1048 (Conn. App. Ct.), appeal denied, 573 A.2d 316 (Conn. 1990).  The court described the robbery:  "The tugging was strong enough to pull both the victim and her cart of groceries to the ground.  The victim resisted . . . as long as she was able by crooking her wrist . . . .  She was dragged along the pavement with sufficient force to cause [injuries] . . . .  She finally released the bag . . . ."  Id. at 1049-50.  In People v. Thomas, 34 Cal. Rptr. 3d 858, 863 (Cal. Ct. App. 2005), vacated on other grounds, 127 S. Ct. 1224 (2007), the court wrote:  "Defendant's companion grabbed [victim's] purse and tried to pull it away from her; she pulled back . . . .  The thief . . . pulled on the strap with enough strength to defeat efforts to hold on to the purse.  That description perfectly fits the force provision of the crime of robbery."

Unlike Winn, here there was "resistance by the victim" to *retain possession* of her purse. The loss of that possession followed the use of force to overcome that resistance.

In addition to the factually similar cases quoted above, the commentators likewise note the relevance of resistance to loss of possession in distinguishing larceny from robbery.  Thus, as stated in 2 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 8.11(d)(1) (1986):

> The great weight of authority . . . supports the view that there is not sufficient force to constitute robbery when the thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking.  On the other hand, when the owner, aware of the impending snatching, resists it . . . [and] a struggle . . . is necessary before the thief can get possession . . . there is enough force to make the taking robbery.

Likewise other commentators write:  "For the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person.  Rather, there must be resistance by the victim that is overcome by the physical force

- 4 -

of the offender."  67 Am. Jur. 2d <u>Robbery</u> § 29 (2007); <u>see also</u> Peter G. Guthrie, Annotation, <u>Purse Snatching as Robbery or Theft</u>, 42 A.L.R.3d 1381, 1386 (1972) (stating that "if a struggle immediately ensues to keep possession of the property and the thief overcomes the resistance, the violence is sufficient to constitute the act of robbery").

III.

CONCLUSION

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  <u>Archer v. Commonwealth</u>, 26 Va. App. 1, 11, 494 S.E.2d 826, 831 (1997) (quoting <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  Applying that standard to the facts, Mills' conviction of robbery is affirmed.

<u>Affirmed.</u>