**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4619**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH A. PARKER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:16-cr-00007-RAJ-RJK-1)

Submitted:  January 18, 2018                          Decided:  February 5, 2018

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Kirsten R. Kmet, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph A. Parker, Jr., pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced him to 66 months' imprisonment. On appeal, Parker argues that the district court erred in calculating his Sentencing Guidelines range because the district court incorrectly concluded that his prior conviction for Virginia common law robbery qualified as a crime of violence conviction for purposes of U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A), 4B1.2(a) (2015).[1] We affirm.

If a defendant has been previously convicted of a "crime of violence," as defined in USSG § 4B1.2(a), then the Guidelines require an increase in the base offense level for the crime of possessing a firearm as a felon. USSG § 2K2.1(a)(4)(A). In August 2016, the Sentencing Commission amended USSG § 4B1.2(a)'s "crime of violence" definition, and that amendment was in effect at the time of Parker's sentencing hearing. Under the amended definition, a "crime of violence" is an offense punishable by imprisonment for a term exceeding one year that "(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of [certain types of firearms or explosive

---

[1] Although the Code of Virginia provides the penalty for robbery, Va. Code Ann. § 18.2-58 (2014), it does not define robbery. "Robbery is a common law crime in Virginia." *Ali v. Commonwealth*, 701 S.E.2d 64, 66 (Va. 2010).

2

material].”[2] USSG § 4B1.2(a). The first clause is known as the "force clause," and the second clause is known as the "enumerated offenses clause."

Parker argues that Virginia robbery cannot qualify as a crime of violence under USSG § 4B1.2(a)'s force clause because we held in *United States v. Winston*, 850 F.3d 677, 679 (4th Cir. 2017), that Virginia robbery is not a violent felony under the Armed Career Criminal Act's ("ACCA") force clause, 18 U.S.C. § 924(e)(2)(B)(i) (2012). Because "[w]e rely on precedents evaluating whether an offense constitutes a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the [ACCA]," *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (internal quotation marks omitted), we agree with Parker that Virginia robbery does not qualify as a crime of violence under USSG § 4B1.2(a)'s force clause.

Thus, we are left with USSG § 4B1.2(a)'s enumerated offenses clause. "When comparing a potential predicate offense to an enumerated crime, we must first ascertain the generally accepted contemporary meaning of the enumerated crime." *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017) (internal quotation marks omitted). In *Gattis,* we determined the "generic, contemporary meaning of robbery," *id.* at 155 (internal quotation marks omitted), and held "that generic robbery is defined as the 'misappropriation of property under circumstances involving [immediate] danger to the

---

[2] Before the amendment, "robbery" was listed as a crime of violence in USSG § 4B1.2's commentary. USSG § 4B1.2 cmt. n.1 (2015).

3

person,'" *id.* at 156 (quoting 3 Wayne R. LaFave, Substantive Criminal Law § 20.3, at 173 (2d ed. 2003) (alteration in original)). We further explained "that the immediate danger element in that definition is categorically satisfied by the taking of property from a person or a person's presence by means of force or putting in fear." *Id.* at 157 (internal quotation marks omitted).

After determining the meaning of generic robbery, the next step in the inquiry is to compare the generic robbery definition with the particular state's definition of robbery. *See id.* at 156. For instance, in *Gattis*, we observed that "North Carolina defines robbery as the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *Id.* at 158 (internal quotation marks omitted). Comparing generic robbery to North Carolina robbery, we found "a clean match." *Id.* In doing so, we rejected the argument that North Carolina robbery swept more broadly than generic robbery because "robbery may be committed in North Carolina using less force than is necessary to commit generic robbery by force." *Id.* We acknowledged our prior holding that North Carolina robbery does not constitute a violent felony under the ACCA's force clause, *United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016), but we explained that the ACCA's force clause encompasses crimes that have as an element "the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person," while, "to commit generic robbery by taking property through the use of force, the defendant need not use a level of force capable of causing physical pain or injury to another person." *Gattis*, 877 F.3d at 158 (internal quotation marks omitted). We further explained that the force necessary to commit

4

generic robbery exists "if the defendant jostles the owner or uses only that force which is sufficient to overcome the victim's resistance." *Id.* (internal quotation marks omitted).

In this case, we must compare the generic robbery definition adopted in *Gattis* with Virginia's definition of common law robbery. Virginia defines common law robbery "as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Williams v. Commonwealth*, 685 S.E.2d 178, 180 (Va. 2009) (internal quotation marks omitted). The Virginia Court of Appeals has adopted the view that "the offense of robbery is not related to the force used on the object taken but to the force or intimidation *directed at the person of the victim.*" *Winn v. Commonwealth*, 462 S.E.2d 911, 912 (Va. Ct. App. 1995) (ellipsis and internal quotation marks omitted). Furthermore, the Virginia Court of Appeals has explained that "[i]ntimidation results when words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm." *Jones v. Commonwealth*, 496 S.E.2d 668, 670 (Va. Ct. App. 1998) (internal quotation marks omitted).

Comparing Virginia's definition of robbery with the generic meaning, we conclude that Virginia robbery is a crime of violence under USSG § 4B1.2(a)'s enumerated offenses clause.[3] Like generic robbery, Virginia robbery requires the taking

---

[3] Our conclusion is supported by *Gattis* because we have previously recognized that Virginia and North Carolina similarly define robbery. *See Winston*, 850 F.3d at 685.

5

of property from a person or a person's presence by means of force or putting in fear. *Compare Gattis*, 877 F.3d at 157, *with Williams*, 685 S.E.2d at 180. While Virginia's common law definition uses the term "intimidation," the Virginia Court of Appeals has explained that the term is synonymous with striking fear in the victim. *See Jones*, 496 S.E.2d at 670.

Parker seeks to avoid this result by arguing that Virginia robbery is broader than generic robbery because Virginia robbery can be committed through de minimis contact. But, we rejected a nearly identical argument in *Gattis*, 877 F.3d at 158. Parker fails to acknowledge that the amount of force necessary for a robbery offense to meet USSG § 4B1.2(a)'s force clause differs from the amount of force necessary for a robbery offense to meet generic robbery as contemplated by USSG § 4B1.2(a)'s enumerated offenses clause. Indeed, the amount of force required to sustain a Virginia robbery conviction matches the amount of force required to meet the definition of generic robbery that we have adopted. *Compare Maxwell v. Commonwealth*, 183 S.E. 452, 454 (Va. 1936) (stating that violence "need only be slight, for anything which calls out resistance is sufficient") (internal quotation marks omitted), *with Gattis*, 877 F.3d at 158 (stating that generic robbery requires "only that force which is sufficient to overcome the victim's resistance"). We thus conclude that Parker's force argument fails to show that Virginia defines robbery in a manner that is broader than generic robbery.

Because the district court did not err in concluding that Virginia robbery is a crime of violence under USSG § 4B1.2(a) and correctly applied an enhanced base offense level under USSG § 2K2.1(a)(4)(A), we affirm the district court's judgment. *See United*

6

*States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015) ("We may affirm a district court's ruling on any ground apparent in the record."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*